# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | **CIVIL ACTION NO. 1:07-CV-1144** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **ANGELL'S CONCRETE CONSTRUCTION, INC.,** : | |
| **Defendant** : | |

## ORDER

AND NOW, this 8th day of October, 2008, upon consideration of plaintiff's motion (Doc. 10) for default judgment, which requests that the court enter default judgment against defendant in an amount equal to the lesser of either (1) the unpaid tax liability of $170,094 owed by taxpayer Albert J. Angell, Sr. augmented by statutory interest pursuant to 26 U.S.C. § 6221, (see Doc. 10-2 ¶ 10), or (2) the sum that defendant should have surrendered pursuant to the tax levy dated July 13, 2006, which imposed a lien of $119,868.28 on the earned but unpaid wages that defendant owes to taxpayer Albert J. Angell, similarly augmented by statutory interest, (see Doc. 10, Ex. 104; Doc. 10-2 ¶ 3), and it appearing that without conducting discovery plaintiff has been unable to identify the precise amount of unpaid wages that defendant owes to Albert J. Angell, and that plaintiff is therefore unable to identify the precise amount of the default judgment it requests, and it further appearing that, in the absence of a default judgment, plaintiff's motion requests leave to engage in discovery to determine the amount of wages owed by

defendant, and the court finding that permitting such discovery will enable plaintiff to identify with certainty the amount of the default judgment it seeks, see J&J Sports Prods., Inc. v. Louisias, No. 06-CV-339, 2006 WL 1662608, at *5 n.8 (E.D.N.Y. May 16, 2006) (stating that Rules 26 and 69 of the Federal Rules of Civil Procedure permit a plaintiff to request post-default discovery); Gucci Am., Inc. v. Gold Ctr. Jewelry, 997 F. Supp. 399, 400-01 (S.D.N.Y.) (recounting that a court may permit post-default discovery for the purpose of ascertaining damages with certainty), rev'd on other grounds, 158 F.3d 631 (2d Cir. 1998), it is hereby ORDERED that:

1. The motion (Doc. 10) is DENIED without prejudice to plaintiff's right to move for entry of a default judgment after determining the precise amount thereof during the discovery period authorized by Paragraph 2.

2. Plaintiff shall conduct discovery for the limited purpose of ascertaining the precise amount of wages that defendant owes to taxpayer Albert J. Angell, Sr.  Discovery shall commence on the date hereof and shall conclude no later than December 12, 2008.

3. Approximately thirty dates from the date hereof, plaintiff shall file a status report reflecting the progress of discovery.  In no event shall such report be filed later than November 14, 2008.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge