**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO. 1:07-CV-1144** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **ANGELL'S CONCRETE CONSTRUCTION, INC.,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 9th day of February, 2009, upon consideration of plaintiff's motion for default judgment (Doc. 15) against defendant Angell's Concrete Construction, Inc. ("Angell's Concrete"), and it appearing that the Clerk of Court entered default against Angell's Concrete on November 28, 2007, (see Doc. 7), and that, following post-default discovery, (see, e.g., Docs. 11, 14), plaintiff has established that Angell's Concrete is indebted to plaintiff in the amount of $12,372.00, which represents unpaid taxes and interest accrued through January 15, 2009, (see Doc. 15-5 ¶ 8; Doc. 15, Ex. 118), and it further appearing that, although courts generally prefer to resolve cases upon their merits, see Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008), a motion for default judgment may be granted based upon "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct," Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)); see also Profast Commercial Flooring, Inc. v. Landis, Ltd., No. Civ. A. 08-

1615, 2008 WL 2805603, at *2 (E.D. Pa. July 21, 2008), and the court concluding that entry of default judgment will facilitate plaintiff's collection of unpaid taxes, that plaintiff would suffer prejudice absent default judgment because Angell's Concrete could deplete assets subject to plaintiff's tax levy, and that Angell's Concrete is unlikely to possess a litigable defense because plaintiff's tax levy imposes an affirmative obligation to pay amounts subject thereto, and the court further concluding that Angell's Concrete received service of process on October 5, 2007, (see Doc. 4, Ex. 101), that despite receipt of service, it has not entered an appearance in this matter, filed an answer within the time prescribed by Rule 12(a) of the Federal Rules of Civil Procedure, or otherwise defended this action, and that its failure to participate in the above-captioned matter is therefore the result of culpable conduct, it is hereby ORDERED that:

1. Plaintiff's motion for default judgment (Doc. 15) is GRANTED.

2. The Clerk of Court is directed to enter JUDGMENT in favor of plaintiff and against defendant in the amount of $12,372.00 plus interest accruing under applicable law from January 15, 2009 to the date of payment. See 26 U.S.C. §§ 6221, 6332(d)(1).

3. Costs shall be allowed to plaintiff as the prevailing party and shall be taxed against defendants by the Clerk of Court upon plaintiff's filing of a bill of costs with the Clerk of Court. See L.R. 54.3-54.4; see also FED. R. CIV. P. 54(d)(1).

4. The Clerk of Court is directed to CLOSE this case.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge